IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN FULLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:23-CV-1350-D |
| | § | |
| SWINGLE, COLLINS | § | |
| & ASSOCIATES, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff John Fuller ("Fuller") moves to remand based on the absence of complete diversity, and the removing defendant, The Cincinnati Insurance Company ("CIC"), maintains that the Texas citizenship of in-state defendant, Swingle, Collins & Associates ("Swingle"), can be disregarded because it has been improperly joined. Concluding that CIC, the removing defendant, has failed to meet its heavy burden of establishing improper joinder, the court grants Fuller's motion and remands this case to county court.[*]

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).  This means that no plaintiff can be a citizen of the same state as even one defendant.  Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly-joined defendant is a citizen of the state in which the action is brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see also Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 2016 WL 931217, at *2 (N.D. Tex. Mar. 11, 2016) (Fitzwater, J.).  The doctrine allows federal courts to defend against attempts to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *See Smallwood*, 385 F.3d at 576.  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995)).  The removal statute therefore is strictly construed, with "any doubt about the propriety of removal [being] resolved in favor of remand." *Id.* at 281-82.  In determining whether a party was improperly joined, the court

- 2 -

"resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff."
*Id.* at 281.  The party seeking removal bears a heavy burden to prove improper joinder.
*Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the
pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action
against the nondiverse defendant in state court.  *Parsons v. Baylor Health Care Sys.*, 2012
WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d
at 573).  Under the second alternative—the one at issue here—the test for improper joinder
is "whether the defendant has demonstrated that there is no possibility of recovery by the
plaintiff against an in-state defendant, which stated differently means that there is no
reasonable basis for the district court to predict that the plaintiff might be able to recover
against an in-state defendant." *Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d
644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable
basis" for recovery have essentially identical meaning, and holding that pleadings must show
more than "any mere theoretical possibility of recovery" (emphasis omitted)).  To assess
"whether a plaintiff has a reasonable basis of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type
> analysis, looking initially at the allegations of the complaint to
> determine whether the complaint states a claim under state law
> against the in-state defendant.  Ordinarily, if a plaintiff can
> survive a Rule 12(b)(6) challenge, there is no improper joinder.
> That said, there are cases, hopefully few in number, in which a
> plaintiff has stated a claim, but has misstated or omitted discrete
> facts that would determine the propriety of joinder. In such

cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).

When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court need only determine whether CIC has failed to demonstrate improper joinder as to at least one of Fuller's claims against Swingle. *See, e.g.*, *Landor v. State Farm Lloyds*, 2013 WL 1746003, at *3 (N.D. Tex. Apr. 23, 2013) (Lynn, J.) (holding that allegations created reasonable possibility "that Plaintiff could prevail on at least one of her claims" against nondiverse defendant, and thus, "[i]n light of this conclusion, the Court need not analyze the viability of Plaintiff's other causes of action").

II

CIC has failed to satisfy its heavy burden at least with respect to Fuller's breach of contract claim against Swingle brought under Texas law.

- 4 -

In sum, Fuller alleges that he contracted with Swingle to serve as his insurance agent and provide a suitable insurance policy to protect his property from damage resulting from perils such as wind, hail, and/or fire. Fuller paid for Swingle's services, and, in exchange, Swingle provided Fuller an insurance policy issued by CIC. Although Swingle was aware that Fuller desired wind and hail insurance coverage without any exclusions, it recommended and secured a policy from CIC that did not sufficiently cover such damage and did have exclusions. Swingle represented to Fuller that the CIC policy would cover his property, and it failed to advise Fuller of any deficiencies in the policy or exclusions under the policy's terms. Fuller's property suffered more than $80,000 in storm damage, and CIC and its agents denied payments. The petition alleges that Swingle failed to procure an insurance policy pursuant to the terms of Swingle's contract with Fuller and in accordance with the good faith and prudence that was reasonably expected of it, thereby breaching its brokerage contract with Fuller.

CIC maintains that Fuller has failed to state a plausible claim for breach of contract against Swingle because the purported breach is CIC's claim denial under CIC's insurance policy. According to CIC, Fuller's allegations facially exhibit that, without CIC's purported breach of the insurance policy, Fuller could not recover from Swingle for breach of contract. CIC reasons that Fuller only has a breach of contract claim against Swingle if the CIC policy does not cover the alleged damage because of CIC's coverage denial. CIC also contends that Fuller has failed to allege that Swingle agreed to be held liable if CIC refused to pay a claim.

Therefore, CIC says, Fuller's breach of contract cause of action is deficient in pleading breach and causation. The court disagrees.

CIC does not have to breach the insurance policy before Fuller can be injured. Fuller can be injured if CIC paid in accordance with the policy but not according to the coverage that Fuller contracted with Swingle to secure. Fuller alleges that Swingle contracted with him to secure insurance with certain coverage. If Swingle failed to obtain that coverage from CIC, CIC would not have breached its policy with Fuller by refusing to pay his claim for damage that the policy did not cover. But Swingle could have breached its brokerage contract with Fuller by failing to obtain the coverage that Swingle had contracted to secure and thereby have caused Fuller damage from perils that the CIC policy did not cover. This damage would have been caused by Swingle's failure to secure the correct coverage, not by CIC's failure to pay for perils that the policy did not cover.

The court therefore holds that CIC has failed to meet its heavy burden to demonstrate improper joinder as to at least Fuller's breach of contract claim against Swingle.

\* \* \*

Accordingly, for the reasons explained, the court concludes that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). It grants Fuller's July 31, 2023 motion to remand and remands this case to County Court at Law No. 4 of Dallas County, Texas. The clerk shall

effect the remand according to the usual procedure.

      **SO ORDERED**.

      September 1, 2023.


_____
SIDNEY A. FITZWATER
SENIOR JUDGE